UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVETTE ANDREWS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11 CV 2227 RWS |
| ) | |
| APPLETREE ANSWERING SERVICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiffs are former customer service representatives ("CSRs") that staffed telephone lines at an Appletree Answering Service call center in Saint Louis County, Missouri. They allege that Appletree violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay them for actual hours worked and corresponding overtime. Plaintiffs now move for conditional certification as a collective action under the FLSA so that they may notify other past and present Appletree employees of this action and provide them with an opportunity to "opt in" as plaintiffs to this litigation. Plaintiffs seek the conditional certification of a class including "all current and former employees of Appletree who staffed dedicated telephone lines at any of Appletree's call centers located within the United States and Puerto Rice at any time during the last three years." Mot. to Certify Class, Docket No. 20 at 1. Appletree opposes conditional certification on the ground that Plaintiffs have not provided evidence of a common policy or plan affecting the class of plaintiffs they seek to represent.

Plaintiffs allege that Appletree has a nationwide policy of not paying CSRs for time spent logging onto various computer programs and applications before they are able to clock in and not paying CSRs for time spent logging out of computer applications after completion of their paid shifts. Plaintiffs allege they worked at least forty hours per week and worked overtime on a

consistent weekly basis.  Plaintiffs' submitted four declarations stating Appletree's policy permitted "off the clock" work, failed to track and record CSRs' work hours, and failed to compensate overtime hours as required under the FLSA.  Each named Plaintiff indicated she observed other CSRs performing the same tasks before clocking in and after clocking out.  In support of their seeking a nationwide class of CSRs that work or worked for Appletree, Plaintiffs indicate they worked remotely for Appletree's call centers outside of Saint Louis, Missouri, including Anaheim, California; Sacramento, California; Cincinnati, Ohio; Portland, Maine; and Wilmington, Delaware.  Plaintiffs indicate that as a result of their experience working remotely for these call centers outside of Saint Louis, they can "verify that CSRs at those call centers provided the same types of telephone answering services and customer support as provide through the Saint Louis County call center, used the same computer systems and software, and were similarly prevented from clocking in until they assessed the same computer systems."  Id. at 3-4.

Appletree argues that Plaintiffs' motion should be denied because Plaintiffs fail to assert a substantial allegation of a nationwide policy because Plaintiffs lack personal knowledge of the practices, policies and procedures in place at Appletree sites outside of Saint Louis.

While Plaintiffs indicate they observed the practices in other Appletree sites, when Plaintiffs took calls remotely for other Appletree sites they remained in Saint Louis and used a program that allowed them to take calls that would normally be directed to another Appletree site.  Based upon the record before me, I find that Plaintiffs have failed to meet the low burden required to show that this case should be certified as a collective action, and, as a result, I will deny Plaintiffs' motion.  Plaintiffs individual claims will continue.

**Discussion**

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for overtime with additional pay of at least one and one half times the employee's regular hourly wage. 29 U.S.C. § 207. Any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Id.  The FLSA does not define the term "similarly situated" and the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b).  District courts in this circuit use a two-step analysis. See e.g., Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1016 (E.D. Mo.2010); Parker v. Rowland Express, Inc., 492 F.Supp.2d 1159 (D. Minn.2007); Davis v. NovaStar Mortgage, Inc., 408 F.Supp.2d 811 (W.D. Mo.2005); Dietrich v. Liberty Square L.L.C., 230 F.R.D. 574 (N.D. Iowa 2005); McQuay v. American Int'l Group, Inc., 2002 WL 31475212 (E.D. Ark.2002).

Plaintiffs have moved for conditional certification for notice purposes at an early stage of the litigation. See Davis, 408 F.Supp.2d at 815. I do not reach the merits of Plaintiffs' claims during the first step in the process. Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D.Mo.2007)). Plaintiffs' burden at this stage is not onerous. See Kautsch, 504 F.Supp.2d at 688; Smith v. Heartland Automotive Services, Inc., 404 F.Supp.2d 1144, 1149 (D. Minn.2005) (burden at first stage is "not rigorous"). Conditional certification requires "nothing more than

substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Davis, 408 F.Supp.2d at 815. "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." Fast v. Applebee's International, Inc., 243 F.R.D. 360, 362 (W.D. Mo. 2007). The determination whether the members of the conditionally certified class are actually similarly situation is made during the second step of the process, after the close of discovery. Id. "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." Heartland, 404 F.Supp.2d at 1149 (citation omitted). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." Parker, 492 F.Supp.2d at 1159.

At the second step of the process, the defendant may move to decertify the class. See Dernovish v. AT & T Operations, Inc., 2010 WL 143692 at *1 (W.D. Mo. Jan.12, 2010). This typically occurs once discovery is closed and there is more information for me to consider and make a factual determination as to whether the members of the conditionally certified class are similarly situated. See Davis, 408 F.Supp.2d at 815. In order to be similarly situated, "class members need not be identically situated." Fast, 243 F.R.D. 360, 362 (W.D. Mo. 2007).

While Plaintiffs' burden is not onerous, Plaintiffs must assert substantial allegations that the putative class members were the victims of a single decision, policy or plan.  Here, Plaintiffs have failed to do so.  Plaintiffs argue this case is similar to Nicholson v. UTi Worldwide, 2011 U.S. Dist. LEXIS 7612 (S.D. Ill. Jan. 26, 2011), where a nationwide class was certified based upon the declarations of employees who only worked at the employer's facility in Edwardsville, Illinois.  The declarations submitted in Nicholson are distinguishable from those submitted in the current case.  In Nicholson, the plaintiffs submitted declarations regarding the practices at the

- 4 -

facility they personally worked at and stated that trainers from other facilities had informed them that the same practices occurred at other facilities.

Here, Plaintiffs seek a nationwide class based on their unpersuasive argument that they have personal knowledge of the practices at other Appletree facilities. Plaintiffs indicate their personal knowledge is based upon their observing and experiencing these policies when they remotely took calls for other Appletree centers. Appletree opposes conditional certification, arguing Plaintiffs have no personal knowledge of policies at other Appletree centers because Plaintiffs remained in Saint Louis while taking calls for other Appletree centers and merely used a program that allowed them to take calls that would normally be directed to another Appletree site. In their reply brief, Plaintiffs acknowledge this is the manner in which they remotely took calls for other Appletree sites. As a result, Plaintiffs did not observe the policies and practices of other Appletree call centers and have not otherwise indicated they have any knowledge of the practices of Appletree call centers outside of Saint Louis. Unlike in Nicholson, where the declarants had been informed of similar practices in other locations, here, Plaintiffs make no such declaration. Without providing any basis to allege Appletree has a nationwide policy of denying CSRs overtime compensation, Plaintiff have failed to assert substantial allegations that the putative class members were the victims of a single decision, policy or plan and, as a result, I will deny Plaintiffs' motion.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Certify Class [#20] is **DENIED** without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2012.